IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BRANDON ALEXANDER FERNANDEZ,

    Plaintiff,                              No. 2:10-cv-3198 KJN P

    vs.

STATE OF CALIFORNIA, et al.,

    Defendants.                          <u>ORDER</u>

/

        Plaintiff is a state prisoner proceeding without counsel.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 302.  Plaintiff consented to proceed before the undersigned for all purposes.  <u>See</u> 28 U.S.C. § 636(c).

        Plaintiff seeks co-ed integration of California's prison population.  Plaintiff challenges the policy of the California Department of Corrections and Rehabilitation to segregate all inmates by gender, claiming that this segregation is discriminatory in violation of the Fourteenth Amendment.  Plaintiff contends that this policy must be analyzed under strict scrutiny, as it is comparable to race-based discrimination.  However, plaintiff is mistaken.

        Government actions based upon sex are governed by the equal protection clause

of the Fourteenth Amendment. "Under the Equal Protection Clause gender and race are treated differently; race is accorded strict scrutiny whereas gender is only accorded intermediate scrutiny." <u>Jeldness v. Pearce</u>, 30 F.3d 1220, 1226 (1994) (state prisons are required by Title IX to make reasonable efforts to offer the same educational opportunities to women as to men, although the programs do not have to be identical in number or content).[1] Accordingly, sex-based classifications are justified only if substantially related to an important governmental objective, and "a party seeking to uphold government action based on sex must establish an exceedingly persuasive justification for the classification." <u>U.S. v. Virginia</u>, 518 U.S. 515, 524 (1996). Thus, this standard is not as strict as that which is used to determine whether a race based classification is constitutionally permissible. <u>See</u> <u>Wygant v. Jackson Bd. of Ed.</u>, 476 U.S. 267, 274 (1986).

The Eighth Circuit Court of Appeals stated that "[i]t is beyond controversy that male and female prisoners may lawfully be segregated into separate institutions within a prison system. Gender-based prisoner segregation and segregation based upon prisoners' security levels are common and necessary practices." <u>Klinger v. Dep't of Corr.</u>, 107 F.3d 609, 615 (8th Cir. 1997).[2] <u>See also</u> <u>Women Prisoners of Dist. of Columbia Dept. of Corr. v. Dist. of Columbia</u>, 93 F3d 910, 926 (D.C. Cir.1996) ("the segregation of inmates by sex is unquestionably constitutional"),[3] citing <u>Pitts v. Thornburgh</u>, 866 F.2d 1450 (D.C. Cir. 1989) (incarcerating D.C.

---

[1] Title IX provides that "No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance . . ." 20 U.S.C. § 1681.

[2] In <u>Klinger</u>, women prisoners sued the Nebraska Department of Corrections under Title IX for failing to provide equal educational opportunities for male and female prisoners. <u>Klinger</u>, 107 F.3d at 611. The court held that Title IX requires comparison of opportunities for male and female prisoners within the entire prison system taking into account the objective differences between the two populations and other relevant penological and security considerations. <u>Id.</u>, at 615-16. Here, plaintiff does not challenge educational or other opportunities; rather, he seeks to be housed in a women's prison or a co-ed prison.

[3] In <u>Women Prisoners</u>, the court held that the availability of fewer programs to female inmates than to male inmates did not violate equal protection. 93 F.3d at 910.

1  female offenders at federal institution in West Virginia did not violate equal protection, even
2  though similarly situated male offenders were incarcerated in D.C. facilities closer to D.C.).
3  Although not directly on point, at least one Ninth Circuit case has recognized that prisons may
4  have "bona fide reasons for segregation of the genders in prison." Jeldness, 30 F.3d at 1226.
5  Finally, one district court in Oregon has found that "the prevention of heterosexual crime in
6  prisons is a substantial government interest." Stevens v. Williams, 2008 WL 916991 (D.Or.
7  2008) (transgender prisoner's housing in male prison was not equal protection violation).

State prisons have long segregated prisoners by gender for legitimate and obvious security reasons. This segregation is substantially related to an important government objective, that is, the safety of the prisoners. Thus, this court finds that plaintiff fails to state a cognizable civil rights claim, and this action is dismissed.

In light of the above, plaintiff's request to proceed in forma pauperis is denied. 28 U.S.C. § 1915(2)(B)(ii).

IT IS HEREBY ORDERED that this action is dismissed without prejudice, and plaintiff's request to proceed in forma pauperis is denied.

DATED: April 11, 2012

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

fern3198.56